## HARTZOG v STATE

Ohio Appeals, 6th Dist, Lucas Co

No 2835.  Decided Nov 20, 1933

Eldon H. Young, Toledo, and Charles R. Barefoot, Toledo, for plaintiff in error.

Frazier Reams, Prosecuting Attorney, Toledo, and Thomas S. Bretherton, Toledo, for defendant in error.

## OPINION

By LLOYD, J.

At the April term, 1933, of the Court of Common Pleas, the plaintiff in error was indicted by the Grand Jury for unlawfully practicing medicine in Lucas County, and upon trial was convicted of the offense charged and thereafter sentenced by the court.

He asks to have the judgment of the Court of Common Pleas reversed on the sole ground that the Court of Common Pleas did not have jurisdiction of the offense charged, contending that by §13422-3, GC, courts inferior to the Court of Common Pleas are given exclusive jurisdiction of all offenses relating to unlawful practice of medicine and surgery and that the Municipal Court of Toledo, and not the Court of Common Pleas, had jurisdiction of the offense charged against Hartzog.

Consonant with the power vested by the Constitution of the State in the General Assembly, that body enacted §13422-5, GC, which provides:

"The Court of Common Pleas shall have original jurisdiction of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the Court of Common Pleas."

The most casual reading of this statute makes apparent the jurisdiction of the Court of Common Pleas of the offense charged against paintiff in error, unless exclusive jurisdiction is vested in some inferior court. §13422-3, GC, entitled "Special Jurisdiction of Magistrates" provides:

"Magistrates shall have jurisdiction within their respective counties, in all cases of violation of any law relating to:
* * *
16. The violation of any law in relation to the practice of medicine or surgery, or any of its branches."

Sec 13422-1, GC, provides:
"For the purpose of this title, the word 'magistrate' shall be held to include justices of the peace, police judges or justices, mayors of municipal corporations and judges of other courts inferior to the Court of Common Pleas."

It is equally apparent that "magistrates" are not given exclusive jurisdiction of offenses of the character here in question unless, as contended by plaintiff in error, the enlargement of their jurisdiction to "their respective counties" by implication so provides, or unless the legislative enactment creating the Municipal Court of Toledo vests therein such jurisdiction. It is obvious that the mere extension of territorial jurisdiction of another court to coincide with that possessed by the Court of Common Pleas would not divest the latter court of its jurisdiction to hear and determine the same class of cases, and an examination thereof discloses that the legislative enactment creating the Municipal Court of Toledo does not so provide.

If the General Assembly had intended §13422-3, GC to vest in "magistrates" exclusive as well as "special jurisdiction," of the offenses enumerated therein, the insertion in the statute of that one word would have so expressed and determined it. In the class of cases under consideration, the jurisdiction of "magistrates" in Lucas County and of the Court of Com-

mon Pleas is concurrent and jurisdiction was therefore vested in the Court of Common Pleas to hear and determine the offense charged in the indictment returned by the Grand Jury.

Judgment affirmed.

RICHARDS and WILLIAMS, JJ, concur.